UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:09-CV-101-TBR

PATRICIA A. LONG, Executrix of the                                   PLAINTIFF
Estate of THELMA ETHINGTON

v.

REGENCY REHAB & NURSING CENTER,                         DEFENDANT
a/k/a REGENCY NURSING, LLC

## MEMORANDUM OPINION

This matter is before the Court upon Defendant's Motion for Judgment on the Pleadings (Docket #6). Plaintiff has responded (Docket #8). Defendant has replied (Docket #13). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion for Judgment on the Pleadings is DENIED.

## BACKGROUND

Plaintiff Patricia A. Long is the court-appointed executrix for the estate of her mother, Thelma Ethington ("Ethington"). Defendant Regency Rehab & Nursing Center a/k/a Regency Nursing, LLC provides nursing care and residential facilities for the elderly. Ethington was in the care of Defendant when she died.

On September 13, 2006, Ethington's care plan indicated that she was at risk for falling due to illness and therefore her bed was to be kept in the "low position." On October 7, 2006, Ethington was injured when she fell off her bed. Plaintiff alleges that Ethington's bed was elevated and that she was left unattended at the time of her fall. Plaintiff also alleges that nursing personnel neglected to change Ethington's bandages on the following day. As a result, Ethington's wound became infected. After her fall, Plaintiff alleges that Ethington's health and memory deteriorated. Ethington died four days after her fall, on October 11, 2006.

Plaintiff alleges that when Ethington first began her care with Defendant, Plaintiff was asked to sign an alternative dispute resolution agreement ("ADR Agreement") as Ethington's personal representative.  Plaintiff claims that she signed the ADR Agreement in front of nursing personnel.  Plaintiff also claims that when she signed the ADR Agreement she was told that it was binding and that a nursing home representative would sign it later.

On January 4, 2007, Plaintiff was appointed the executrix of Ethington's estate. In making a claim against Defendant, Plaintiff alleges that she sought to comply with the ADR Agreement.  On October 4, 2007, Plaintiff's counsel sent to Defendant a notice of claim and demand for arbitration.  After receiving no response, on June 30, 2008, Plaintiff's counsel sent a letter via certified mail to Ann Wilson, an administrator for Defendant.  After again receiving no response, Plaintiff's counsel sent another letter via certified mail to Wilson on August 19, 2008. The letter was returned unopened.

Plaintiff filed the present action first in state court on January 22, 2009.  Defendant then removed the action to federal court based on diversity jurisdiction.  In her complaint, Plaintiff alleges three counts: (1) breach of contract, (2) negligence, and (3) violation of Kentucky's Rights of Residents Statute, KRS § 216.515.  Defendant now moves for judgment on the pleadings.

## STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly

entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973)).  While the allegations of the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).  Legal conclusion and unwarranted factual inferences need not be accepted as true. *JPMorgan*, 510 F.3d at 582 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).  "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)).

Jurisdiction in the present case is based on diversity of citizenship.  In diversity cases, the district court applies "state law in accordance with the controlling decisions of the state supreme court." *JPMorgan*, 510 F.3d at 582 (quoting *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001)).  Therefore, the Court will apply Kentucky law in interpreting the parties' agreements.

## ANALYSIS

Defendant presents two arguments for why it is entitled to judgment on the pleadings. First, Defendant argues that Plaintiff's negligence and residential rights claims fail as a matter of law because they are time barred by the applicable statute of limitations.  Second, Defendant argues that Plaintiff's breach of contract claim fails as a matter of law because the ADR Agreement is, on its face, unenforceable.

## I.     Statute of Limitations

Personal injuries claims under Kentucky law must be "commenced within one (1) year after the cause of action accrued." KRS § 413.140(1). A personal representative bringing a personal injury claim on behalf of a deceased individual, however, may bring the action "after the expiration of that time, if commenced within one (1) year after the qualification of the representative." KRS § 413.80(1). Defendant argues that because Plaintiff was appointed Ethington's executrix on January 4, 2007, and she did not file the present action in state court until over two years later, on January 22, 2009, her personal injury claims must fail as a matter of law.

Plaintiff responds that Defendant is estopped from asserting a statute of limitation defense because Plaintiff relied to her detriment upon Defendant's misrepresentation that the ADR Agreement was binding in failing to file her personal injury claims within the statutory deadline. Plaintiff argues that her estoppel argument raises factual questions. While Plaintiff fails to identify precisely what factual questions are raised by her estoppel argument, the Court nonetheless understands them to concern the existence of the ADR Agreement and Defendant's alleged misrepresentation that the ADR Agreement was binding, which thereby induced Plaintiff not to bring her personal injury claims. Plaintiff argues that because her estoppel argument raises factual questions, Defendant's motion must be denied.

Kentucky courts have adopted the general rule that "a party may be estopped to plead limitations where he has induced inaction on the part of plaintiff by his false representations or fraudulent concealment." *Miller v. Thacker*, 481 S.W.2d 19, 22 (Ky. 1972); *see also Gailor v. Alsabi*, 990 S.W.2d 597, 603-04 (Ky. 1999). "However, the fraudulent action must be of a

4

character to prevent inquiry or elude an investigation or otherwise mislead the party having cause of action, and such party is under the duty to exercise reasonable care and diligence." *Miller*, 481 S.W.2d at 22 (quoting *Burke v. Blair*, 349 S.W.2d 836, 838 (Ky. 1961)). In applying this rule, "the relevant inquiry should be whether or not under all the facts and circumstances the plaintiff was justified in relying upon the representations and activities of the [defendant] in delaying filing suit until time had run out." *Id.* at 23.

In her complaint, Plaintiff alleges that she was asked to sign the ADR Agreement as Ethington's personal representative and that she did so in front of nursing home personnel. Plaintiff further alleges that the same personnel advised her that the ADR Agreement was binding and that a representative for Defendant would sign it later. Finally, Plaintiff alleges that she sought in good faith to comply with the terms of the ADR Agreement by sending a notice of claim and demand for arbitration under the agreement before initiating the present lawsuit. At this early stage in the litigation, the Court finds that Plaintiff has alleged sufficient facts to raise a question as to whether Defendant's actions fraudulently induced her to delay in filing her lawsuit.

In reply, Defendant argues that Plaintiff cannot rely on her estoppel argument because her August 19, 2008 letter to Defendant demonstrates that Plaintiff was aware of and disregarded the statute of limitations period for her claims. Plaintiff's August 19, 2008 letter to Defendant's administrator, Ann Wilson, was attached with the pleadings. In the letter, Plaintiff's counsel writes that should Plaintiff not hear from Defendant by September 2, 2008, then Plaintiff would proceed with litigation. Defendant argues that had Plaintiff filed her lawsuit on September 2, 2008, there would presently be no statute of limitations issue.

Contrary to Defendant's argument, the statute of limitations issue would nonetheless remain had Plaintiff filed her lawsuit on September 2, 2008. Plaintiff was appointed Ethington's executrix on January 4, 2007. Under KRS § 413.80(1), Plaintiff had one year from her appointment, meaning until January 4, 2008, to file her personal injury claims within the statute of limitations period. The one-year statute of limitations period had long passed by the time Plaintiff's counsel drafted the August 19, 2008 letter. Therefore, the Court finds that Plaintiff's August 19, 2008 letter does not demonstrate that Plaintiff was aware of and disregarded the statute of limitations period, thereby preventing her from relying on her estoppel argument. Furthermore, Defendant has cited no case law in support of its argument. For these reasons, the Court finds that Defendant is not entitled to judgment on the pleadings as to Plaintiff's negligence and residential rights claims.

**II.     ADR Agreement**

Defendant argues that Plaintiff's breach of contract claim fails as a matter of law because the ADR Agreement is unenforceable on its face. Defendant argues that the ADR Agreement is unenforceable because it is not signed by a representative of Defendant, nor is it dated. Therefore, Defendant argues that it cannot be bound by the ADR Agreement because it is not a party to the agreement.

Defendant's argument speaks to the formalities necessary to make an agreement enforceable. In essence, Defendant argues that it cannot be bound by the ADR Agreement because the formal requirements that Defendant sign and date the agreement were not met. In support of this argument, Defendant cities only one case, *Raisor v. Burkett*, 214 S.W.3d 895, 906 (Ky. Ct. App. 2006), for the lone proposition that "one cannot be bound by a contract to which

he was not a party." The facts of *Raisor* itself are irrelevant to the present case. 214 S.W.3d at 899-900 (determining that grandchildren not bound to settlement agreement reached between their father and housekeeper concerning their rights as heirs to their grandparents' estates where grandchildren were not named in the settlement agreement and the terms of the agreement were not communicated to them at the time it was formed).

To determine if an arbitration agreement is enforceable, Kentucky courts look to general principles of contract law. *Gen. Steel Corp. v. Collins*, 196 S.W.3d 18, 20 (Ky. Ct. App. 2006). Defendant cites no case law demonstrating that an agreement is unenforceable under Kentucky law when it is neither signed nor dated by one of the parties. To the contrary, "Kentucky law recognizes that parties may be bound by the terms of an unsigned contract when their actions demonstrate assent to the agreement." *E.L. Burns Co., Inc. v. David Eng'g & Const., Inc.*, No. 2007-CA-000793-MR, 2008 WL 2388414 at *2 (Ky. Ct. App. 2008) (internal citations omitted). A party seeking to enforce an arbitration agreement has the burden of establishing its existence. *Louisville Peterbilt, Inc. v. Cox*, 132 S.W.3d 850, 857 (Ky. 2004). Once prima facie evidence of the agreement has been presented, then the burden shifts to the party seeking to avoid the agreement to show that the agreement does not exist. *Id.*

The ADR Agreement was attached with Plaintiff's pleadings. Defendant does not dispute the existence of the ADR Agreement; rather, Defendant argues that the ADR Agreement is unenforceable under Kentucky law. However, Defendant has offered no case law in support of its argument. Having been presented with no legal support for Defendant's argument, the Court cannot find that Plaintiff's breach of contract claim fails as a matter of law. Accordingly, the Court finds that Defendant is not entitled to judgment on the pleadings as to Plaintiff's

breach of contract claim.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is DENIED.

An appropriate order shall issue.